UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANNETTE FRANCES THOMPSON,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 1:21-cv-490

Hon. Hala Y. Jarbou

## ORDER

This is an action for review of the Commissioner of Social Security's denial of Plaintiff's claim for disability insurance benefits. The magistrate judge issued a Report and Recommendation (R&R, ECF No. 18) recommending that the Court affirm the Commissioner's decision. Before the Court are Plaintiff's objections to the R&R (ECF No. 19). For the reasons herein, the Court will deny the objections and adopt the R&R.

### I. Standard

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct *de novo* review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Furthermore, this Court's review of the Commissioner's decision "is limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record

substantial evidence supporting that decision." *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 224-25 (6th Cir. 2019).

## II. Plaintiff's Objections

*Constitutional challenge.* According to Plaintiff, the decisions by the administrative law judge ("ALJ") and the Appeals Council are invalid because the Commissioner of Social Security is removable only for cause, which creates a separate-of-powers problem. But Plaintiff does not grapple with the magistrate judge's disposition of that issue. Instead, she merely refers the Court to her briefs presented to the magistrate. The Court discerns no error in the reasoning of the R&R.

*Shoulder impairment.* Plaintiff also objects to the magistrate judge's conclusion that the record does not support any impairment of her shoulder function before the expiration of her insured status on June 30, 2019. (*See* R&R 6-7.) Plaintiff asserts that she complained about shoulder problems less than four months after the expiration of her insurance benefits, and that those complaints led to shoulder surgery. However, Plaintiff did not begin reporting any symptoms of shoulder impairment until late October 2019. (*See id.* at 6.) The magistrate judge correctly concluded that "[w]hile Plaintiff speculates that her ability to use her shoulder was limited prior to the expiration of her insured status, she has identified nothing in the record supporting this argument." (*Id.* at 6-7.) Plaintiff's objections identify nothing in the record to support her claim of an impairment before the insurance expiration date. Plaintiff asserts that her treatment was delayed because a pain specialist could not schedule an MRI until late November of that year. But Plaintiff met with that specialist on November 11, 2019. (*See* Medical Records, ECF No. 4-9, PageID.596.) There is no evidence that she complained of shoulder impairment before June 30, 2019.

Plaintiff also contends that the conditions that required shoulder surgery develop over time, so she must have been suffering from them prior to the insurance expiration date. But this

speculative contention is not sufficient to overcome the deferential standard this Court must follow when reviewing the Commissioner's decision. That standard "'presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.'" *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). "Therefore, if substantial evidence supports the ALJ's decision, this Court defers to that finding[.]" *Id.* The ALJ's conclusion is supported by substantial evidence. Accordingly, Plaintiff's objection is meritless.

*Treating physician rule*. Plaintiff objects that the magistrate judge erred when reviewing the medical opinions in the record. Specifically, Plaintiff contends that the magistrate judge erred by approving the ALJ's decision to follow 20 C.F.R. § 419.920c(a), which does not "give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." *Id.* Plaintiff insists that the "treating physician rule" in 20 C.F.R. § 404.1527(d)(2) continues to be valid; however, that rule was amended in 2017. It now states that it only applies to claims filed "before March 27, 2017." 20 C.F.R. § 404.1527. For claims filed after that date, the language in § 419.920c(a) applies. *See* 20 C.F.R. § 404.1527 (citing § 404.1520c, which contains the same language as § 419.920c(a)). Plaintiff filed her claim after March 27, 2017. Thus, § 404.1527 does not apply. *See Albert v. Kijakazi*, 34 F.4th 611, 614 (7th Cir. 2022) ("Because Albert filed her claim for supplemental security income after March 20, 2017, the opinions of treating physicians no longer receive controlling weight."); *Planas ex rel. A.P. v. Comm'r of Soc. Sec.*, 842 F. App'x 495, 497 n.1 (11th Cir. 2021) ("For claims filed on or after March 27, 2017, . . . no significant weight is given to statements made by treating physicians as opposed to non-treating medical

3

sources."); *Purdy v. Berryhill*, 887 F.3d 7, 13 n.8 (1st Cir. 2018) ("The agency has eliminated the treating-physician rule for purposes of claims filed on or after March 27, 2017.").

Plaintiff argues that the treating physician rule has been endorsed many times by the Court of Appeals and continues to control here, citing *Gayheart v. Commissioner of Social Security*, 710 F.3d 365 (6th Cir. 2013).  But in *Gayheart*, the Court of Appeals cited § 404.1527 as the basis for this rule.  *See Gayheart*, 710 F.3d at 375-76.  That regulation has changed since *Gayheart*.  It does not apply to claims like Plaintiff's.

Plaintiff implies that the Commissioner did not have the authority to change this rule, and that the new rule is inconsistent with the applicable statute.  But Plaintiff does not provide any legal basis for her argument.  Indeed, Congress gave the Commissioner broad authority to "adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence" required to establish a right to benefits.  42 U.S.C. § 405(a).  Plaintiff does not explain how the Commissioner exceeded this authority.

*Dr. Saifollahi's opinion.*  Plaintiff challenges the ALJ's assessment of Plaintiff's treating psychiatrist, Dr. Saifollahi.  The ALJ opined that Dr. Saifollahi "may have uncritically accepted as true most, if not all, of what the claimant reported" as symptoms.  (ALJ Decision, ECF No. 4-2, PageID.38.)  Plaintiff asserts that there is no evidence to support this statement.  To the contrary, the ALJ gave several reasons for that statement, all of which are supported by the record.  (*See* R&R 11.)

*Dr. Abed's opinion*.  Plaintiff also contests the ALJ's decision to discount the opinion of Dr. Abed, who opined that Plaintiff was restricted to no lifting over 20 pounds.  The ALJ discounted this opinion because Dr. Abed rendered it in September 2020, over a year after Plaintiff's insurance expired, and because it was inconsistent with Plaintiff's reported activities of

4

daily living. The magistrate judge also noted that Dr. Abed did not expressly opine about Plaintiff's limitations prior to the date she was last insured.

Plaintiff asserts that her lifting limitation stems from the multiple surgeries she received to correct vaginal prolapse and urinary incontinence, but that assertion is speculation. Dr. Abed identified no specific reasons for this limitation. And at any rate, he operated on her in September 2019, long after her insurance expiration date. (*See* Medical Records, ECF No. 4-10, PageID.713.) Thus, if her limitation stemmed from such a surgery, it was more likely the result of her most recent one, not the ones she underwent in 2015 and earlier.

In summary, the Court discerns no error in the magistrate judge's conclusion that the ALJ's decision was supported by substantial evidence.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (ECF No. 18) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

A judgment will enter in accordance with this Order.

Dated: September 14, 2022   /s/ Hala Y. Jarbou
   HALA Y. JARBOU
   CHIEF UNITED STATES DISTRICT JUDGE